IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MYRTLE DUPREE,        Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 3:16-CV-0632-N-BK |
| PENNYMAC LOAN SERCIVES, LLC,        Defendant. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order 3*, this case has been referred to the United States magistrate judge for pretrial management. The Court now considers Plaintiff's motion to remand incorporated in *Plaintiff's Answer to Defendants Motion to Dismiss; Plaintiff's Motion for Sanctions; Motion to Strike Plaintiff's Pleading and Request for Sanctions*, Doc. 8. Upon review of the relevant pleadings and applicable law, it is recommended that Plaintiff's motion to remand be **GRANTED**.

### BACKGROUND

A review of the pleadings reveals that this legal action is one in a series arising from Defendant's attempt to foreclose on Plaintiff and her late husband's residence at 12630 Hallum Drive, Dallas, Texas 75243. On March 27, 2015, the 298th District Court of Dallas County, Texas, entered an order authorizing foreclosure on the property. Doc. 7-2 at 36-37. However, on July 6, 2015, in response to the threatened foreclosure, Plaintiff filed a pro se petition in the 101st District Court of Dallas County, Texas, against Defendant PennyMac Loan Services LLC, Doc. 1-2 at 2, alleging common law fraud and Defendant's lack of standing to foreclose, and seeking a declaratory judgment. Doc. 1-2 at 3.

On February 25, 2016, Plaintiff sent a voluminous compilation of documents to Defendant's counsel that included copies of state court pleadings, a deed and home equity loan agreement, and correspondence from Chase concerning default and foreclosure. Atop the compilation was a four-page document ("Notice") addressed to Defendant's counsel. Doc. 1-3 at 2-76.

The Notice is clearly titled as follows:

**NOTICE UNDER THE TEXAS DTPA:**

**CLAIM AND DEMAND UNDER THE TEXAS DECEPTIVE TRADE PRATICES ACT; FOR VIOLATIONS OF TEXAS FAIR DEBT COLLECTION PRACTICES ACT; FAILURE TO CURE DEFECTS PRUSUANT TO PROVISIONS UNDER SECTION 50 ARTICLE XVI OF THE TEXAS CONSTITUTION;**

Doc. 1-3 at 2. In her Notice, Plaintiff avers in pertinent part:

> I have always paid my bills and for many years I have been too embarrassed to tell anyone outside of my immediate family that for years the bank(s) have been trying to take my home, I recently sent Alfred, III [Plaintiff's son] to see our long time [sic] friend, pastor, advisor Bishop T.D. Jakes to ask for his guidance and the church's prayers and support. I have now learned that everything you, your law firm, the prior law firm's [sic], banks and everyone else involved have violated many laws and I am sending this notice to put you on notice under The Texas Deceptive Trade Practices Act of your violations and opportunity to correct, settle prior to having an attorney sue.

**THE VIOLATIONS ARE INCLUDING BUT NOT LIMITED TO THE FOLLOWING UNDER THE TEXAS DECEPTIVE TRADE PRACTICES ACT:**

**CIVIL CONSPIRACY; VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT; FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; DEFAMATION; SLANDER; RESPONDEAT SUPERIOR; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND FRAUD.**

Doc. 1-3 at 2.

The Notice includes the following demand:

Demand is made that within 60 days of your receipt of this letter, your client **NON SUIT WITH PREJUDICE TO REFILNG SAME THE SUIT TO FORECLOSE, REFUND ALL MONIES PAID UNDER THE PRIOR**

2

> **NOTE/LOAN, REIMBURSE ALL FEES ASSOCIATED WITH THE DEFENSE OF THIS MATTER** and pay these expenses reasonably incurred in asserting this claim:
>
> *1.  $1,000,000.00 (One Million U.S. Dollars) in economic damages;*
>
> *2.  $3,000,000.00 (Three Million U.S. Dollars) for mental anguish damages; and*
>
> *3. An immediate redaction of any documents filed, a press release apologizing to my deceased husband and family for the torture yourself and others have put me and my family through, knowing the entire time you could not legally enforce this.*

Doc. 1-3 at 4.

> The Notice subsequently concludes:
>
> Please consider this notice under the Texas and Federal FDCPA, to provide written verification under Section 50 of the Texas Constitution of the alleged debt, proof of ALL AND EVERY executed document required under the Home Equity Loan Requirements, under the Texas Constitution and/or appropriate civil statutes.
>
> Please do not send further letter regarding "THE ESTATE OF ALFRED DUPREE, JR.," there has not have ever been [sic] an "ESTATE", my husband and I are/were God Fearing, hard[-]working and honest black folk, we didn't have that money.
>
> I am attaching the letters you have sent claiming the amount owed is over $100,00.00 [sic] on the alleged home equity loan, the property at 12630 Hallum Drive is taxed at barely $60,000.00 [sic]; Please provide to me within 30 days, the name and address of the original creditor, proof and/or validity of the alleged debt, (i.e. valid deed of trust, certified copies) I am also requesting ALL OF THE REQUIRED AND RESPONSIVE DOCUMENTS THE LENDER IS REQUIRED TO PROVIDE AT CLOSING; I HAVE NEVER RECEIVED THESE DOCUMENTS, despite requesting them.
>
> Finally,
>
> Please provide to me the basis in law regarding the [sic] you are claiming to be owed to PennyMac, your authority to demand and/or collect the sums claimed to be owed and the supporting documentation to substantiate and verify the debt.

Doc. 1-3 at 5.

On March 4, 2016, Defendant removed the case to this Court, asserting federal-question jurisdiction based on Plaintiff's February 25, 2016 correspondence, which Defendant deems

"plaintiff's assertion of entitlement to relief under federal law." Doc. 1 at 3. Defendant contends that "Plaintiff's letter presents a federal question by her allegation PennyMac violated the Fair Debt Collection Practices Act and asserts damages based on these violations." Doc. 1 at 3. After removal, Defendant subsequently moved to dismiss Plaintiff's claims for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 6.

Plaintiff's response to the motion to dismiss, as liberally construed, contests the removal from state court as untimely and unlawful, and requests that the case be remanded to state court. Doc. 8 at 3. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings).

## APPLICABLE LAW AND ANALYSIS

A court must address its subject matter jurisdiction at the earliest possible stage since, without it, the case can proceed no further. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Moreover, removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, commonly referred to as federal-question jurisdiction.

The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In accordance with 28 U.S.C. § 1446(b), when a plaintiff's original petition presents no

grounds for removal, a defendant may later remove the case to federal court after receipt of "an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). 28 U.S.C. § 1446(b)(3).

**Plaintiff's Notice does not give rise to federal-question jurisdiction.**

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998) (internal quotations omitted). Here, Defendant concedes that the original petition alleged no federal claims. Doc. 9-1 at 9. Thus, the Court must determine if Plaintiff's Notice is an "other paper" under section 1446(b)(3) that presents a federal question, thereby invoking this Court's subject matter jurisdiction. Upon careful review of the relevant pleadings and applicable law, the Court concludes that it is not.

Generally, a defendant uses an "other paper" to clarify the existence of subject matter jurisdiction, rather than to establish it as Plaintiff attempts to do in the case *sub judice*. *See Lukawski v. FlightSafety Texas, Inc.*, 3:09-CV-965-L, 2009 WL 2523808, at *2 (N.D. Tex. Aug. 17, 2009) ("Primarily, courts rely on the 'other paper' language to determine removability to 'clarify [ ] that diversity jurisdiction has been established' with respect to the amount-in-controversy requirement." (quoting *Eggert v. Britton*, 223 Fed. Appx. 394, 397 (5th Cir.2007) Further, as the Court noted in *Lukawski*, courts have relied only sparingly on the "other paper" language to determine if subject matter jurisdiction exists on the basis of a federal question. *Lukawski*, 2009 WL 2523808, at *2. *Also see, e.g.*, *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 468-69 (6th Cir.2002) (using the "other paper" reference to clarify that a plaintiff's state law claim is one that would be preempted by federal law).

In the case sub judice, Defendant does not rely on the other paper, to-wit: the Notice, to clarify the Court's subject matter jurisdiction based on federal claims already asserted in the petition. Instead Defendant suggests that the Notice itself asserts a federal claim where there was no previous attempt to plead one. Such construction of the "other paper" language under section 1446(b) is unsupported. *Eggert*, 223 Fed. Appx. at 397 ("deposition testimony that does not tend merely to clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled,* is not 'other paper' from which it may be ascertained that the case is or has become removable.") (emphasis in original) (citing *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 793 (S.D. Miss. 1999)).

Moreover, Defendant's reliance in its response on *Notley v. Sterling Bank*, No. 3:06-CV-0536-G, 2006 WL 2017412, at *4-5 (N.D. Tex. July 19, 2006), is misplaced. In *Notley*, the issue before the Court was the timeliness of the removal, and the plaintiffs argued that because they stated a federal claim under the Federal Credit Reporting Act ("FCRA") by referencing the FCRA in their original petition, their original petition was removable and the defendant's subsequent notice of removal based on an "other paper" was therefore untimely. *Notley*, 2006 WL 2017412, at *4-*5. However, the Court found that, while the plaintiffs raised only state law claims in their original complaint, they "make clear that they intend to seek damages based on a separate federal cause of action under the FCRA" in a damage model in which they detailed a private right of action under federal law; thus, the notice of removal, filed after the defendant's receipt of the damages model, was timely. *Notley*, 2006 WL 2017412, at *5. Finally, the parties in *Notley* agreed that the plaintiffs had indeed asserted a claim pursuant to federal law. *Notley*, 2006 WL 2017412, at *1.

That is not the case here. First, in her response, Plaintiff leaves no doubt that she never intended nor sought to bring a claim under the FDCPA and only intends to proceed under the TDTPA:

> Penny Mac carefully tailors its argument for removal by innuendo on information and belief to give the false impression Plaintiff brought additional claims or amended suit in State Court. . . .Plaintiff sent a notice to Penny Mac by and through Akerman, L.P. of her intention to proceed under the Texas Deceptive Trade Practice [sic] Act …. All of the claims referenced by Plaintiff are available in State Court.

Doc. 8 at 3. Indeed, the Notice itself supports Plaintiff's contention since, at the very start, it announces that it is "**NOTICE UNDER THE TEXAS DTPA**." Doc. 1-3 at 2. Second, the mere mention in the Notice of the FDCPA, without more, certainly does not "make clear" Plaintiff's assertion of a federal claim, unlike the specific damage model in *Notley*. Finally, because, at the very least, it is unclear that Plaintiff has asserted a federal claim in an "other paper," thereby invoking this Court's subject matter jurisdiction, remand is required. *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction") (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

## CONCLUSION

Accordingly, it is recommended that Plaintiff's motion to remand, Doc. 8, be **GRANTED,** and this case be **REMANDED** to the 101st District Court of Dallas County, Texas, for further proceedings.

**SIGNED** on September 2, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE